UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SALEH HAMOUD AL-SAIDIE,                Case No. 16-10471

            Plaintiff,                 Paul D. Borman
v.                                      United States District Judge

COMMISSIONER OF SOCIAL SECURITY,        Stephanie Dawkins Davis
                                        United States Magistrate Judge

            Defendant.
_____/

**REPORT AND RECOMMENDATION
CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 11, 12)**

**I.    PROCEDURAL HISTORY**

   A.    <u>Proceedings in this Court</u>

On February 9, 2016, plaintiff filed the instant suit seeking judicial review

of the Commissioner's unfavorable decision disallowing benefits.  (Dkt. 1).

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge

Paul D. Borman referred this matter to the undersigned for the purpose of

reviewing the Commissioner's decision denying plaintiff's claims for disability

insurance benefits and supplemental security income.  (Dkt. 3).  This matter is

before the Court on cross-motions for summary judgment.  (Dkt. 11, 12).

   B.    <u>Administrative Proceedings</u>

Plaintiff filed the instant claims for period of disability, disability insurance

1

benefits (DIB) and supplemental security income (SSI) on January 30, 2013,

alleging that he became disabled on December 1, 2009.  (Dkt. 7-2, Pg ID 53).  The

claims were initially disapproved by the Commissioner on April 9, 2013.  *Id.*

Plaintiff requested a hearing and on June 13, 2014, plaintiff appeared with counsel

before Administrative Law Judge (ALJ) John Dodson, who considered the case *de

novo*.  (Dkt. 7-2, Pg ID 65-87).  In a decision dated September 17, 2014, the ALJ

found that plaintiff was not disabled.  (Dkt. 7-2, Pg ID 53-61).  Plaintiff requested

a review of that decision on November 13, 2014.  (Dkt. 7-2, Pg ID 46).  The ALJ's

decision became the final decision of the Commissioner when the Appeals

Council, on January 16, 2016, denied plaintiff's request for review.  (Dkt. 7-2, Pg

ID 32-35); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

For the reasons set forth below, the undersigned **RECOMMENDS** that

plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for

summary judgment be **GRANTED**, and that the findings of the Commissioner be

**AFFIRMED**.

II.     FACTUAL BACKGROUND

A.     ALJ Findings

Plaintiff, born in 1968, was 41 years of age on the alleged disability onset

date.  (Dkt. 7-2, Pg ID 60).  The ALJ applied the five-step disability analysis to

plaintiff's claim and found at step one that plaintiff had not engaged in substantial

gainful activity since the alleged onset date. *Id*. at 55. At step two, the ALJ found

that plaintiff's degenerative disc disease, carpal tunnel syndrom and depression

were "severe" within the meaning of the second sequential step. *Id*. At step three,

the ALJ found no evidence that plaintiff's combination of impairments met or

equaled one of the listings in the regulations. *Id.* at 55-57.

The ALJ determined that plaintiff had the following residual functional

capacity ("RFC")

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity (RFC) to perform light work as defined 20 CFR 404.1567(b) and 416.967 (b) with the following additional limitations: simple, routine and repetitive tasks that involve no production like standards, no more than occasional, superficial contact with the public, and no more than occasional contact with coworkers and supervisors; no climbing of ropes, ladders or scaffolds; occasional balancing, stooping, kneeling, crouching and crawling; occasional reaching in all directions with the right upper extremity; avoid exposure to vibrations; and no more than occasional twisting bilaterally.

*Id*. at 57. At step four, the ALJ found that plaintiff was unable to perform his past

relevant work, given his RFC. *Id*. at 60. At step five, the ALJ denied plaintiff

benefits because he could perform a significant number of jobs available in the

national economy. *Id*. at 60-61.

B.      Plaintiff's Claims of Error

Plaintiff argues that the ALJ failed in his duty to properly develop the

record by not ordering a consultative psychological examination of plaintiff.

According to plaintiff, where, as here, an ALJ finds a psychological condition is a

severe impairment, but there is no psychiatric or psychological consultative

examination, the ALJ must order one so that the condition's severity and any

attendant functional limitations may be assessed.  Plaintiff contends that the ALJ's

failure to do so here requires remand.  (Dkt. 11, Pg ID 314-316).

Next, plaintiff argues that the RFC developed is deficient of support from

the record because no medical provider supplied an RFC assessment.  Plaintiff

contends that the ALJ was required to solicit the opinion of a physician in

assessing plaintiff's RFC and his failure to do so was error requiring remand. (Dkt.

11, Pg ID 316-317).

Additionally, plaintiff maintains that the ALJ did not satisfy the narrative

discussion requirements of SSR 96-8p.  Plaintiff argues that the ALJ failed to

specifically determine plaintiff's ability to perform the exertional requirements of

light work, including those required by the job suggested by the VE.  Plaintiff

contends this error requires remand.  (Dkt. 11, Pg ID 318).

Finally, plaintiff argues that the RFC does not consider the impact of

plaintiff's mood disorder on his functional ability.  Plaintiff argues that the ALJ

does not address the work-related mental activities necessary for work and

therefore plaintiff's RFC could not have been assessed properly. He urges this

Court to remand so that plaintiff's mental RFC may be properly assessed. (Dkt.

11, Pg ID 321).

      C.      <u>The Commissioner's Motion for Summary Judgment</u>

The Commissioner disputes plaintiff's argument that the ALJ was required

to order a consultative examination for him before assessing plaintiff's RFC. The

Commissioner argues that the regulations do not require the ALJ to obtain a

consultative examination, rather they permit him to do so if the record does not

contain sufficient evidence for the ALJ to make a determination. The

Commissioner notes that the regulations require that every reasonable effort be

made to ensure a qualified psychiatrist or psychologist has completed the medical

portion of the case review. In that regard, Dr. Tripp, a State agency consultant

who specializes in psychology, reviewed plaintiff's treatment notes and

psychological evaluation before providing his opinion concerning plaintiff's

mental RFC. The ALJ's assignment of great weight to Dr. Tripp's opinion and

incorporation of his limitations into the decision's RFC satisfies the regulatory

obligations to assess plaintiff's RFC based upon an adequately developed and

medically-reviewed record. As such, the ALJ need not have ordered a

consultative examination in this case, according to the Commissioner. (Dkt. 12,

Pg ID 337-339).

The Commissioner argues that substantial evidence supports the ALJ's RFC assessment.  First, the Commissioner notes that plaintiff bears the burden of proof as to his residual functional capacity.  Here however, plaintiff does not offer any evidence that would undermine the assessed RFC or suggest any different or additional restrictions.  The Commissioner argues that none of plaintiff's treaters provided an opinion on his functional limitations.  Therefore, the opinions of the State agency consultants provide the best evidence of plaintiff's abilities and limitations.  The Commissioner contends that the medical opinions of the state agency consultants are afforded weight as any other expert medical opinion under the regulations.  The Commissioner notes that plaintiff does not contest the weight the ALJ assigned to Dr. Kupier's opinion, nor does he argue that the RFC is inconsistent or unsupported by Dr. Kupier's opinion.  The ALJ adopted Dr. Kupier's opinion that plaintiff could perform light work with the additional limitations set forth in the RFC.

Similarly, the Commissioner points out that plaintiff does not contest the weight the ALJ assigned to the opinions of the state's psychological consultant. Again, the ALJ adopted Dr. Tripp's opinions about plaintiff's limitations in limiting him to simple, routine and repetitive tasks in the RFC.  The Commissioner maintains that the unchallenged and uncontroverted opinions of the state agency

consultant provide substantial evidence in support of an RFC adopting those opinions. (Dkt. 12, Pg ID 339-342).

The Commissioner disputes plaintiff's contention that the ALJ failed to provide sufficient narrative concerning evidence supporting his conclusions in violation of SSR 96-8p, noting that an ALJ's RFC withstands review as long as it discusses plaintiff's ability to perform sustained word activities and explains the resolution of any inconsistencies in the record. The Commissioner argues that the ALJ's decision satisfies his regulatory obligation to provide a function-by-function analysis. (Dkt. 12, Pg ID 343).

Finally, the Commissioner argues that, contrary to plaintiff's assertion, the RFC adequately considers the impact of plaintiff's depression on his ability to perform work-related mental activities. The Commissioner notes that Dr. Tripp found that plaintiff could perform simple, unskilled work with sustainability and persistence, and that the ALJ's RFC reflects and is consistent with Dr. Tripp's conclusion. The Commissioner concludes that the ALJ specifically correlated plaintiff's moderate limitations with the functional restrictions in the RFC and nothing more was required. (Dkt. 12, Pg ID 344).

## III.    DISCUSSION

### A.    Standard of Review

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v.*

*McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may ... consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v.*

9

*Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800

F.2d 535, 545 (6th Cir. 1986) (*en banc*).  Substantial evidence is "more than a

scintilla of evidence but less than a preponderance; it is such relevant evidence as

a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486

F.3d at 241; *Jones*, 336 F.3d at 475.  "The substantial evidence standard

presupposes that there is a 'zone of choice' within which the Commissioner may

proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027,

1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record

only.  *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir.

2001).  When reviewing the Commissioner's factual findings for substantial

evidence, a reviewing court must consider the evidence in the record as a whole,

including that evidence which might subtract from its weight. *Wyatt v. Sec'y of

Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).  "Both the court of

appeals and the district court may look to any evidence in the record, regardless of

whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc.

Sec.*, 245 F.3d 528, 535 (6th Cir. 2001).  There is no requirement, however, that

either the ALJ or the reviewing court must discuss every piece of evidence in the

administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508

(6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly

addressing in his written decision every piece of evidence submitted by a party.")
(internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*,
198 Fed. Appx. 521, 526 (6th Cir. 2006).

    B.    <u>Governing Law</u>

The "[c]laimant bears the burden of proving his entitlement to benefits."
*Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994);
*accord*, *Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed. Appx. 515, 524 (6th Cir. 2003).
There are several benefits programs under the Act, including the Disability
Insurance Benefits Program (DIB) of Title II (42 U.S.C. §§ 401 *et seq*.) and the
Supplemental Security Income Program (SSI) of Title XVI (42 U.S.C. §§ 1381 *et
seq*.). Title II benefits are available to qualifying wage earners who become
disabled prior to the expiration of their insured status; Title XVI benefits are
available to poverty stricken adults and children who become disabled. F. Bloch,
Federal Disability Law and Practice § 1.1 (1984). While the two programs have
different eligibility requirements, "DIB and SSI are available only for those who
have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).
"Disability" means:

> inability to engage in any substantial gainful activity by
> reason of any medically determinable physical or mental
> impairment which can be expected to result in death or
> which has lasted or can be expected to last for a
> continuous period of not less than 12 months.

11

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also* 20 C.F.R. § 416.905(a)

(SSI).

The Commissioner's regulations provide that disability is to be determined

through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in
> substantial gainful activity, benefits are denied without
> further analysis.
>
> Step Two:  If the claimant does not have a severe
> impairment or combination of impairments, that
> "significantly limits ... physical or mental ability to do
> basic work activities," benefits are denied without
> further analysis.
>
> Step Three:  If plaintiff is not performing substantial
> gainful activity, has a severe impairment that is expected
> to last for at least twelve months, and the severe
> impairment meets or equals one of the impairments listed
> in the regulations, the claimant is conclusively presumed
> to be disabled regardless of age, education or work
> experience.
>
> Step Four:  If the claimant is able to perform his or her
> past relevant work, benefits are denied without further
> analysis.
>
> Step Five:  Even if the claimant is unable to perform his
> or her past relevant work, if other work exists in the
> national economy that plaintiff can perform, in view of
> his or her age, education, and work experience, benefits
> are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing,

20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534. "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540. If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

C.     Analysis and Conclusions

Plaintiff argues that the ALJ erred by not ordering a consultative

13

psychological examination of plaintiff before rendering his decision. The

Commissioner acknowledges that the regulations permit an ALJ to order

consultative examinations if the record does not contain sufficient evidence to

make a determination; however contends, it is not the rule in the Sixth Circuit, nor

in the framework of 20 C.F.R. § 404.1512, that the SSA or its ALJs are expected

to build the medical record. *Bass v. Colvin*, 2015 WL 1299266, at \*19 (N.D. Ohio

Mar. 23, 2015). "Only under special circumstances, i.e., when a claimant is

without counsel, is not capable of presenting an effective case, and is unfamiliar

with hearing procedures, does an ALJ have a special, heightened duty to develop

the record." *Trandafir v. Comm'r of Soc. Sec.*, 58 F. App'x 113, 115 (6th Cir.

2003) (citing *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 856 (6th

Cir. 1986)*; Lashley v. Sec'y of Health and Human Servs.*, 708 F.2d 1048, 1051–52

(6th Cir.1983)). Furthermore, an ALJ is not required to order a consultative

examination if there is a considerable amount of medical evidence in the record

concerning plaintiff's alleged ailments and his resulting functional capability.

*Robertson v. Commr. of Soc. Sec.*, 513 Fed. Appx. 439, 441 (6th Cir. 2013). A

consultative examination has not been required where the medical evidence in the

record includes test results, physicians' notes, and opinion evidence, and does not

demonstrate any significant inconsistencies in the evidence. *See id.* (citing 20

C.F.R. § 404.1519a).

Here, plaintiff's record contains a psychiatric evaluation and several treatment notes from plaintiff's mental health provider, North Central Health Center. (Dkt. 7-7, Pg ID 269-294). These records were reviewed by State agency consultant Dr. Tripp in formulating his opinions and in assessing the mental RFC. (Dkt. 7-3, Pg ID 110-112). The ALJ gave great weight to Dr. Tripp's assessment that plaintiff could perform simple, unskilled work given his mental RFC. The ALJ noted that Dr. Tripp's opinion was consistent with the record as a whole. (Dkt. 7-2, Pg ID 59). Notably, plaintiff does not assail the opinion of Dr. Tripp or the weight assigned to it by the ALJ. The undersigned does not believe the ALJ was required to order a psychological examination of plaintiff given the considerable medical evidence, reviewed, considered and incorporated into plaintiff's mental RFC by the consulting expert, as well as the ALJ. Accordingly, issuing a decision without such examination was not a reversible error.

Next, plaintiff argues that the RFC developed by the ALJ is not supported by substantial evidence because no treater supplied an RFC assessment. Notwithstanding this argument, plaintiff has the burden of demonstrating that his RFC is insufficiently restrictive. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994) (claimant bears burden during first four steps); *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008) (claimant bears burden of demonstrating need for more restrictive RFC); *Cason v. Colvin*, 2016

15

WL 6653019, at *5 (E.D. Mich. Aug. 9, 2016), report and recommendation

adopted in part sub nom. *Cason v. Commr. of Soc. Sec.*, 2016 WL 4546872 (E.D.

Mich. Sept. 1, 2016). Plaintiff has not alleged or pointed to any evidence in the

record to support more restrictive physical limitations than those set forth in the

RFC. Without allegations or record evidence of more stringent functional

limitations, plaintiff has not met his burden to demonstrate a need for a more

restrictive RFC.

Moreover, plaintiff's argument ignores the fact that a non-examining

consultant reviewed plaintiff's medical records and provided an RFC assessment

on plaintiff based on this review. Absent functional assessments from treating

doctors, RFC assessments from medical reviewers is the best evidence of

plaintiff's abilities and limitations. *Watts v. Comm'r of Soc. Sec.,*179 Fed. Appx.

290, 294 (6th Cir. 2006). Plaintiff does not specifically challenge the

supportability or the weight assigned to Dr. Kupier's opinion; accordingly, the

undersigned finds no error here.

Plaintiff argues that the ALJ failed to meet the requirements of SSR 96-8p,

1996 WL 374184, and asserts that the ALJ did not adequately discuss evidence to

support his conclusion that plaintiff could perform the job suggested by the VE.

SSR 96-8p simply directs an ALJ to assess an RFC in the context of what a

claimant can do on a "regular and continuing basis." SSR 96-8p, 1996 WL

374184, at *1-2.  There is no indication this ruling was intended to impose a

formalistic requirement that an ALJ expressly state that the RFC reflects a

claimant's ability to perform the specified level of activity on a regular and

continuing basis.  *Delgado v. Comm'r of Soc. Sec.*, 30 Fed. Appx. 542, 547-48 (6th

Cir. 2002) ("Although a function-by-function analysis is desirable, SSR 96-8p

does not require ALJs to produce such a detailed statement in writing.").  An "ALJ

need only articulate how the evidence in the record supports the RFC

determination, discuss the claimant's ability to perform sustained work-related

activities, and explain the resolution of any inconsistencies in the record."

*Delgado*, 30 Fed. Appx. at 548.  Here, no particular inconsistencies are alleged;

and the ALJ discussed all the relevant evidence, cited supporting facts and

evidence, and concluded that the evidence does not preclude plaintiff from

performing a limited range of light work. (Dkt. 7-2, Pg ID 57-61).  Accordingly,

the undersigned believes that the substantial evidence supports the ALJ's RFC

assessment.  *See Davis v. Commr. of Soc. Sec.*, 2016 WL 3713177, at *12 (E.D.

Mich. June 15, 2016), report and recommendation adopted, 2016 WL 3682955

(E.D. Mich. July 12, 2016).

Finally, plaintiff argues that the ALJ's RFC does not consider the impact of

plaintiff's severe depression.  As discussed *supra*, plaintiff bears the burden of

demonstrating that his RFC is insufficiently restrictive.  *See Cason*, 2016 WL

6653019, at *5.  Additionally, an RFC has been held to adequately account for a claimant's mental impairment where the claimant fails to explain why a more restrictive RFC is required and what those further restrictions should be.  *See Luster v. Comm'r of Soc. Sec.*, 2015 WL 1439910, at *19 (E.D. Mich. Mar. 27, 2015) (citing *Marini v. Commr. of Soc. Sec.*, 2014 WL 1230034, at *6 (E.D. Mich. Mar. 25, 2014)).   Plaintiff offers no explanation as to how the RFC is inadequately restrictive, nor does he offer suggested restrictions necessary to make it acceptable.  Accordingly, the ALJ's determination that plaintiff retains the RFC to perform simple, unskilled work is supported by "substantial evidence."  The ALJ's finding of non-disability on this basis is not error.

## IV.    RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that the Commissioner's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and*

*Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: February 24, 2017                          s/Stephanie Dawkins Davis
                                                 Stephanie Dawkins Davis
                                                 United States Magistrate Judge

19

## CERTIFICATE OF SERVICE

I certify that on February 24, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record.

<u>s/Tammy Hallwood</u>
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov

20