UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SALEH HAMOUD AL-SAIDIE,

        Plaintiff,                      Case No. 16-10471

v.                                       Paul D. Borman
                                       United States District Judge

COMMISSIONER OF SOCIAL
SECURITY,                             Stephanie Dawkins Davis
                                       United States Magistrate Judge

        Defendant.
_____/

**<u>OPINION AND ORDER:
(1) REJECTING PLAINTIFF'S OBJECTIONS (ECF NO. 16);
(2) ADOPTING THE REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE (ECF NO. 15);
(3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
(ECF NO. 11);
(4) GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT (ECF NO. 12); AND
(5) AFFIRMING THE DECISION OF THE COMMISSIONER OF
SOCIAL SECURITY</u>**

On February 24, 2017, Magistrate Judge Stephanie Dawkins Davis issued a Report and Recommendation on the parties' cross-motions for summary judgment. (ECF No. 15, Report and Recommendation.) In the Report and Recommendation, the Magistrate Judge recommended that this Court deny Plaintiff's Motion for Summary Judgment, grant Defendant's Motion for Summary Judgment, and affirm the decision of the Commissioner of Social Security ("**Commissioner**").

Now before the Court are Plaintiff's Objections to the Report and Recommendation. (ECF No. 16, Pl.'s Objs.) Defendant filed a timely Response. (ECF No. 17, Def.'s Resp.) Having conducted a *de novo* review of the parts of the Magistrate Judge's Report and Recommendation to which objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the Court will reject Plaintiff's Objections and adopt the Magistrate Judge's Report and Recommendation.

## I. BACKGROUND

The findings of the Administrative Law Judge ("**ALJ**") and the pertinent portions of the Administrative Record are accurately and adequately set forth in the Report and Recommendation. There are no material inconsistencies with these accounts and the Court incorporates those factual recitations here. (Report and Recommendation at 2-3; ECF Nos. 7-7-1, Transcript of Social Security Proceedings at 22-30 (hereinafter "**Tr. at \_\_\_**").) The following summary contains only the facts essential to this Court's evaluation of Defendant's objections.

Plaintiff applied for a period of disability, disability insurance benefits, and supplemental security income on January 30, 2013, alleging disability beginning December 1, 2009. (Tr. at 22.) After his claims were denied on April 9, 2013, Plaintiff requested a hearing, and he appeared with counsel before ALJ John Dodson on June 13, 2014. (*Id.*) The ALJ issued a decision on September 17, 2014,

finding that Plaintiff was not disabled. (Tr. at 22-30.)

In that decision (tr. at 22-30), the ALJ employed the five-step evaluation process required by 20 C.F.R. § 404.1520(a)(4), and made the following determinations: Plaintiff has not engaged in substantial gainful activity since the alleged disability onset date (**Step 1**); Plaintiff has the specific severe impairments of degenerative disc disease, carpal tunnel syndrome, and depression (**Step 2**); and Plaintiff does not have an impairment that meets or medically equals an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Pt. 404, Subpt. P, App. 1, *et seq.* (**Step 3**). As to **Step 4**, the ALJ found that Plaintiff has the residual functional capacity ("**RFC**") to perform light work with certain limitations:

> simple, routine and repetitive tasks that involve no production like standards, no more than occasional, superficial contact with the public, and no more than occasional contact with coworkers and supervisors; no climbing of ropes, ladders or scaffolds; occasional balancing, stooping, kneeling, crouching and crawling; occasional reaching in all directions with the right upper extremity; avoid exposure to vibrations; and no more than occasional twisting bilaterally.

(Tr. at 26.) The ALJ then found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform (**Step 5**), which was the basis for the ALJ's ultimate conclusion that Plaintiff is not disabled within the meaning

3

of the Social Security Act. (Tr. at 29-30.)

The Appeals Council of the Social Security Administration denied Plaintiff's request for review of the ALJ's decision on January 16, 2016 (tr. at 1-4.), rendering the ALJ's determination the final decision of the Commissioner.

Plaintiff filed this action on February 9, 2016 (ECF No. 1), and the case was referred to the Magistrate Judge the next day (ECF No. 3). The parties filed cross-motions for summary judgment in June and July of 2016. (ECF Nos. 11, 12.) The Magistrate Judge issued the Report and Recommendation on February 24, 2017.

In the Report and Recommendation, the Magistrate Judge recommended that the Court affirm the findings of the Commissioner, deny Plaintiff's motion for summary judgment, and grant Defendant's motion for summary judgment. (Report and Recommendation at 2.) In reaching these conclusions, the Magistrate Judge addressed several discrete issues relevant to the Objections now before this Court.

First, the Magistrate Judge rejected Plaintiff's argument that the ALJ erred by not ordering a consultative psychological evaluation of Plaintiff. In this regard, the Magistrate Judge noted that ALJs have an independent obligation to build the medical record only when special circumstances (such as a claimant's *pro se* status) create a heightened duty to develop the record, and that there is, at any rate, no such obligation when the record contains a considerable amount of medical

4

evidence concerning the claimant's alleged ailments and resulting functional capacity. Finding in the record no special circumstances (but ample evidence of Plaintiff's ailments and capacity), the Magistrate Judge concluded that the ALJ was not required to order a consultative examination. (*See* Report and Recommendation at 13-15.)

Second, the Magistrate Judge concluded that notwithstanding the absence of an RFC assessment by a treating doctor in the record, the RFC developed by the ALJ was supported by substantial evidence because it contained such an assessment by a non-examining consultant. The Magistrate Judge further noted that regardless, Plaintiff had not cited any record evidence that would allow him to meet his burden of demonstrating that the RFC was insufficiently restrictive. (*See* Report and Recommendation at 15-16.)

Third, the Magistrate Judge found that the ALJ's decision comported with the "narrative discussion requirements" set forth in a 1996 Social Security Ruling. *See Titles II & Xvi: Assessing Residual Functional Capacity in Initial Claims*, SSR 96-8P (S.S.A. July 2, 1996). This was so, the Magistrate Judge determined, because the ALJ did all that was required of him under that Ruling and subsequent case law: he discussed the relevant evidence, concluded based on that evidence that Plaintiff was not precluded by his disability from performing a limited range of

5

light work, and did not fail to resolve any apparent inconsistencies in the record. (*See* Report and Recommendation at 16-17.)

Finally, the Magistrate Judge concluded, the ALJ's RFC determination that Plaintiff retains the capacity to perform simple, unskilled work despite his mental health issues was supported by substantial evidence, because Plaintiff had failed to offer either an explanation as to why a more restrictive RFC was required, or any suggestion as to what further restrictions it should contain. (*See* Report and Recommendation at 17-18.)

Defendant raises three objections to the Magistrate Judge's findings. For the reasons stated below, the Court will reject Defendant's objections and adopt the Magistrate Judge's Report and Recommendation.

## II. STANDARDS OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed "specific written objections" in a timely manner. *Lyons v. Comm'r Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Only those objections that are specific are entitled to a *de novo* review under the statute.

6

*Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks omitted). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Likewise, an objection that does nothing more than disagree with a magistrate judge's determination "without explaining the source of the error" is not a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

In reviewing the findings of the ALJ, the Court is limited to determining whether those findings are supported by substantial evidence and made pursuant to proper legal standards. *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing 42 U.S.C. § 405(h)); *see also Cutlip v. Sec't of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010) (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)); *see also McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) (recognizing that substantial evidence is "more than a scintilla of evidence but less

than a preponderance") (internal quotation marks omitted). "If the Commissioner's decision is supported by substantial evidence, [the court] must defer to that decision, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)).

As to whether proper legal criteria were followed, a decision of the Social Security Administration ("**SSA**") that is supported by substantial evidence will not be upheld "where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

This Court does not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip*, 25 F.3d at 286. "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers*, 486 F.3d at 247; *see also Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (noting that the "ALJ's credibility determinations about the claimant are to be given great weight, 'particularly since the ALJ is charged with observing the claimant's demeanor and

credibility'") (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997)).

### III. ANALYSIS

#### A. Objection 1: The Magistrate Judge erred in upholding the ALJ's decision not to order a consultative psychological examination.

Plaintiff first takes issue with the ALJ's failure to order a consultative psychological examination, and argues that the Magistrate Judge should have found that omission to be error. Acknowledging that while an ALJ's duty to develop the record is heightened when the claimant is unrepresented (as Plaintiff here was not), Plaintiff nonetheless contends that the ALJ "did not fulfill his basic obligation to develop the record, which is required regardless of whether or not a Plaintiff is represented." (Pl.'s Objs. at 3.)

Administrative law judges in this context do have a duty to fully develop the record. *See Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1051 (6th Cir. 1983) (citing *Richardson v. Perales*, 402 U.S. 389 (1971)). And Plaintiff is correct to point out that "[t]his duty exists even when the claimant is represented by counsel." (Pl.'s Objs. at 4 (citing *Baca v. Dep't of Health & Human Servs.*, 5 F.3d 476, 480 (10th Cir. 1993)).) Plaintiff has not, however, cited legal authority establishing or even suggesting that that duty on the ALJ's part in this case

encompassed an obligation to order a consultative psychological exam.

The Magistrate Judge determined that there was a "considerable amount of medical evidence in the record concerning plaintiff's alleged ailments and his resulting functional capability" and that consequently, the ALJ did not have an additional obligation to order a consultative examination. (Report and Recommendation at 14 (citing *Robertson v. Comm'r of Soc. Sec.*, 513 F. App'x 439, 441 (6th Cir. 2013)).) This evidence included a psychiatric evaluation and treatment notes from Plaintiff's mental health provider, which were then reviewed by a state agency physician. (Report and Recommendation at 15.) That physician's assessment, in turn, was given "great weight" by the ALJ. (Tr. at 28.) Plaintiff also testified before the ALJ regarding his psychological conditions. (Tr. at 45-50.)

The applicable regulations provide that the Social Security Administration will "purchase a consultative examination to try to resolve an inconsistency in the evidence, or when the evidence as a whole is insufficient to allow [the ALJ] to make a determination or decision on [the] claim." 20 C.F.R. § 404.1519a. Plaintiff does not indicate that there were any inconsistencies in the record as contemplated by this regulatory provision. Furthermore, Plaintiff does not provide the Court with any reason to conclude that the evidence in the record was not a sufficient basis for any of ALJ's findings, nor does he specifically challenge the Magistrate Judge's

determination that it was. Accordingly, the Court rejects Plaintiff's first objection.

## B. Objection 2: The Magistrate Judge erred in finding that the ALJ adequately considered Plaintiff's mental health issues.

Plaintiff's second objection is largely a verbatim reiteration of the argument that he presented to the Magistrate Judge in his summary judgment motion. Insofar as it is, it is not a valid objection. *See Aldrich*, 327 F. Supp. 2d at 747 ("A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge.").

To the extent that it is specifically addressed to any aspects of the Magistrate Judge's determination, Plaintiff's second objection is that the Magistrate Judge erroneously found that Plaintiff offered in his summary judgment motion "no explanation as to how the RFC is inadequately restrictive, nor . . . suggested restrictions necessary to make it acceptable." (Pl.'s Objs. at 6 (quoting Report and Recommendation at 18).) Noting that "it is not [Plaintiff's] job to propose [an] RFC" (Pl.'s Obj. at 6), Plaintiff highlights symptoms of his mental health condition that he claims were not specifically addressed in the ALJ's decision.

The Court rejects this objection—again, to the extent that it contains arguments beyond those that were already presented to the Magistrate Judge—on two grounds. First, several of the symptoms that Plaintiff claims were overlooked

11

by the ALJ were expressly mentioned in the ALJ's decision: specifically, Plaintiff's memory impairment, his concentration problems, and his difficulties with social functioning. (Tr. at 25.) Second, and more importantly, Plaintiff has not made any specific challenge to the substance of the state agency physician's opinion that was relied upon by the ALJ, nor to the ALJ's reliance on that opinion. It follows from this that Plaintiff has not provided a basis on which this Court could conclude that the ALJ's determination was not justified by substantial evidence, defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Colvin*, 475 F.3d at 730.

In this regard, Plaintiff has failed to show that the ALJ's decision was not supported by substantial evidence, and so the Court rejects his second objection.

**C.   Objection 3: The Magistrate Judge erred in finding that the ALJ's decision was supported by substantial evidence.**

Plaintiff's third objection, the essence of which is that the ALJ's decision was unsupported by substantial evidence generally, also amounts to little more than a mostly verbatim restatement of the arguments presented to the Magistrate Judge in Plaintiff's summary judgment motion. This is underscored by the fact that after summarizing record evidence that he contends runs contrary to the ALJ's decision, Plaintiff states that "[i]f the ALJ and Magistrate [Judge] had not made the

above outlined legal errors and/or all of the legal errors outlined in Plaintiff's Motion for Summary Judgment, the Plaintiff would have been found to be disabled." (Pl.'s Objs. at 10.) Plaintiff is only entitled to *de novo* review by this Court based on the arguments that he did not already present to the Magistrate Judge, and for the reasons discussed above, these arguments do not justify remand.

At any rate, Plaintiff does not specify how precisely the ALJ or the Magistrate Judge misconstrued any evidence. At most, his citations to record evidence that arguably conflicts with the ALJ's determination amounts to a summary of evidence that the ALJ might have used to arrive at a different outcome. But a decision by an administrative law judge that is supported by substantial evidence is entitled to deference "'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Id.* (quoting *Longworth*, 402 F.3d at 595).

Because the Magistrate Judge correctly found that the ALJ's determination was supported by substantial evidence, the Court rejects Plaintiff's third objection.

### IV. CONCLUSION

For all of the reasons stated above, the Court hereby:

- REJECTS Plaintiff's Objections (ECF No. 16);

- ADOPTS the Report and Recommendation of Magistrate Judge Stephanie Dawkins Davis (ECF No. 15) as this Court's findings and conclusions of law;

- DENIES Plaintiff's Motion for Summary Judgment (ECF No. 11);

- GRANTS Defendant's Motion for Summary Judgment (ECF No. 12); and

- AFFIRMS the decision of the Commissioner.

IT IS SO ORDERED.

s/Paul D. Borman  
Paul D. Borman  
United States District Judge

Dated: July 13, 2017

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 13, 2017.

s/D. Tofil  
Deborah Tofil, Case Manager

14